IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATONA TRUCKING, INC., | CIVIL A. NO. _____ |
| Plaintiff, | |
| vs. | JURY TRIAL DEMANDED |
| RIVERS EDGE, L.P., | ELECTRONICALLY FILED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, LATONA TRUCKING, INC. ("Latona"), by and through its undersigned counsel, Rosenn, Jenkins & Greenwald, LLP, and hereby complains of the Defendant, RIVERS EDGE, L.P. ("Rivers Edge"), as follows:

### THE PARTIES

1. The Plaintiff, Latona, is a Pennsylvania corporation with its principal place of business at 620 South Main Street, Pittston, Pennsylvania 18640.

2. Latona is in the business of, among other things, real estate construction and excavation services.

3. The Defendant, Rivers Edge, is a New York corporation with its principal place of business at 553 Broadway, Massapequa, New York 11758.

4. Rivers Edge is in the business of, among other things, commercial and residential real estate improvement and development.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds, exclusive of interest and costs, seventy-five thousand dollars ($75,000.00), and is between citizens of different states.

6. Venue is proper in this judicial district as River's Edge is subject to personal jurisdiction here pursuant to 28 U.S.C. § 1391(a), given that the unlawful acts alleged herein were committed in the Middle District of Pennsylvania.

**FACTUAL BACKGROUND**

7. Defendant Rivers Edge is the owner of a residential real estate development, commonly known as "River's Edge," located on Route 209 and Route 6, in the Borough of Matamoras, Pike County, Pennsylvania (the "River's Edge Development").

8. On or about May 9, 2006, Latona and Rivers Edge entered into an agreement whereby Latona would provide certain services in connection with the River's Edge townhome development project in exchange for payment from Rivers Edge. Said contract was formed and/or entered into in the Middle District of Pennsylvania.

9. The agreement between Rivers Edge and Latona is evidenced by a writing, "AGREEMENT BETWEEN OWNER AND CONTRACTOR ON THE

BASIS OF A STIPULATED PRICE" (hereinafter the "Agreement").  See Plaintiff's Exhibit "**A**."

10. Pursuant to the Agreement, Latona was to complete all "sitework" for the "River's Edge Townhouse Project" (hereinafter the "Project").  Said sitework and an itemization of the same is/was attached to the Agreement and entitled "Rivers Edge Subdivision Sitework."  See Plaintiff's Exhibit "**A**."

11. The total price of the sitework, due and owing to Latona upon Latona's completion, amounted to Four Million One Hundred and Eighty-One Thousand, Seven Hundred and Seven Dollars and 50/100 ($4,181,707.50).  See Plaintiff's Exhibit "**A**."

12. Latona completed the sitework detailed in the Agreement at the request and for the benefit of Defendant Rivers Edge.

13. Latona sent invoices to Rivers Edge which account for the services rendered by Latona as well as the corresponding prices for each service.

14. The most recent invoice, which remains undisputed and unpaid by Rivers Edge, is dated January 26, 2010.  See Plaintiff's Exhibit **"B"**.

15. Through its counsel, Latona has also sent Rivers Edge multiple demand letters (the "Demand Correspondence") which request the amounts due and owing on the outstanding account.  See Plaintiff's Exhibit **"C"**.

16. Rivers Edge made several payments on the now delinquent account but ceased all efforts to pay the past-due debt in 2008.

17. Upon information and belief, the last payment on the account was received on or about October 28, 2008.

18. Since its last payment, on or about October 28, 2008, Rivers Edge has failed and refused to make payments on the delinquent account.

19. On November 29, 2010, Latona, through its undersigned counsel, forwarded to Rivers Edge a proposed settlement agreement (the "Proposed Settlement Agreement") outlining Defendant Rivers Edge's outstanding obligations in connection with Latona's services at the River's Edge Development. See Plaintiff's Exhibit **"D"**.

20. The November 29, 2010 correspondence also notified Rivers Edge that, in the absence of agreed upon terms and a resolution of the outstanding balance, Latona would have no choice but to initiate legal action to collect on the delinquent account.

21. The Proposed Settlement Agreement set forth an obligation on the part of Rivers Edge to pay Latona the sum of Five Thousand and 00/100 Dollars ($5,000.00) per residential unit closing at the River's Edge Development, which sums would offset Rivers Edge's outstanding delinquent balance due and owing to Latona. See Plaintiff's Exhibit "**D**."

22. On May 4, 2010, J. Bradford Kenealy, an agent and representative of Defendant River's Edge, sent correspondence to Latona confirming Rivers Edge's liability for the outstanding balance(s) and verifying and confirming that Rivers Edge agreed to the operative terms of the Proposed Settlement Agreement and intended to be bound by them, as follows:

Dir Sirs;

> 1) In furtherance of the conversation between Michael Ryan of Rivers Edge LP and Joseph Latona [sic]. **It was agreed that Rivers Edge LP would pay $5,000.00 at each closing of the units to reduce any outstanding balances.** It was further agreed that any site construction advances from Wells Fargo Bank which acquired Wachovia Bank will be paid to Latona Trucking to reduce any outstanding balances.

Rivers Edge LP
/s/ J. Bradford Kenealy

See Plaintiff's Exhibit "**E**" (emphasis added).

23. Despite the above-referenced correspondence binding Rivers Edge to its promise to pay Five Thousand Dollars ($5,000.00) per closing, Rivers Edge has failed and refused to do so.

24. Despite Latona's repeated good faith demands for payment and/or security, Defendant Rivers Edge has failed to make payment to Latona on the outstanding balance of the debt.

25. As of March of 2011, Rivers Edge owed Latona approximately One Hundred Twenty-Five Thousand Eight Hundred and Sixteen and 15/100 Dollars

($125,816.15), plus costs and interest which has accrued and which continues to accrue at a rate of six percent (6%) per annum.

## COUNT I
## BREACH OF CONTRACT

26. Latona hereby incorporates by reference paragraphs 1 through 25 as though set forth more fully herein.

27. Latona performed services in connection with the River's Edge Development at the request and for the benefit of Defendant Rivers Edge.

28. The May 2006 Agreement is a validly existing, binding contract between Latona and Rivers Edge which required payment of the sums due and owing to Latona for its services rendered in connection with the Rivers Edge Development.

29. The May 4, 2010 correspondence from Rivers Edge agent/representative J. Bradford Kenealy to Latona confirms the enforceability of the terms of the Proposed Settlement Agreement, which requires that Rivers Edge pay Five Thousand Dollars ($5,000.00) per closing to Latona.

30. The January 26, 2010 invoice is a validly existing, binding contract between Latona and Rivers Edge which required payment of the sums due and owing to Latona for its services rendered in connection with the River's Edge Development.

1.    671386.1

31. Rivers Edge made multiple payments on the billing invoices sent by Latona.

32. Thereafter, Rivers Edge failed and refused to continue making payments on the delinquent account.

33. Despite Latona's repeated good faith demands for payment for services rendered, Rivers Edge has failed to pay the amounts due and owing under the terms of the contract(s).

34. In light of Rivers Edge's breach of contract, the entire amount due to Latona ($125,816.15), plus costs and interest, which has accrued and which continues to accrue, is immediately due and owing.

35. As a direct and proximate result of Rivers Edge's breach of contract, Latona has suffered damages in excess of $125,816.15.

WHEREFORE, Latona respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant, Rivers Edge, in the amount of $125, 816.15, plus interest which has accrued and which continues to accrue at a rate of six percent (6%) per annum, and pre and post judgment interest, costs of suit, including but not limited to reasonable attorneys' fees, and any other relief this Court deems just and appropriate.

1.    671386.1

## COUNT II
## UNJUST ENRICHMENT

36. Latona hereby incorporates by reference paragraphs 1 through 35 as though set forth more fully herein.

37. The services rendered by Latona in connection with the River's Edge Development were at the request of Rivers Edge and conferred a benefit on Rivers Edge.

38. Rivers Edge realized and benefited from the services rendered by Latona in connection with the River's Edge Development.

39. Rivers Edge knowingly and willfully accepted and retained the benefit of the services rendered by Latona in connection with the River's Edge Development.

40. Latona has not been compensated and/or reimbursed by Defendant Rivers Edge for the services it rendered in connection with the River's Edge Development.

41. Rivers Edge has been enriched by Latona, and it is unjust and inequitable for Rivers Edge to retain that enrichment without compensating and/or reimbursing Latona through payment of the sums due and owing on the delinquent account.

WHEREFORE, Latona respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant, Rivers Edge, in the amount of

$125,816.15, plus interest which has accrued and which continues to accrue at a rate of six percent (6%) per annum, and pre and post judgment interest, costs of suit, including but not limited to reasonable attorneys' fees, and any other relief this Court deems just and appropriate.

### COUNT III
### BREACH OF IMPLIED IN FACT
### CONTRACT – QUANTUM MERUIT

42. Latona hereby incorporates by reference paragraphs 1 through 41 as though set forth more fully herein.

43. Latona did provide services in connection with the River's Edge Development for the benefit of Rivers Edge, such that, as of March of 2011, Rivers Edge owed Latona $125,816.15, plus costs and interest which has accrued, and which continues to accrue at a rate of six percent (6%) per annum.

44. Latona provided Rivers Edge with the services in connection with the River's Edge Development, and Rivers Edge has enjoyed and benefited from the same.

45. Rivers Edge knew that Latona expected to be compensated for its services in connection with the River's Edge Development.

46. Rivers Edge agreed that, if Latona would provide the services, Rivers Edge would compensate Latona the full amount owing, plus interest.

1.  671386.1

47. As a result of Latona's providing Rivers Edge with the services in connection with the River's Edge Development, Rivers Edge is required to pay the amounts due and owing on its delinquent account.

48. Rivers Edge's failure to compensate Latona in full for the services Latona rendered in connection with the River's Edge Development constitutes a breach of contract implied in fact.

WHEREFORE, Latona respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant, Rivers Edge, in the amount of $125,816.15, plus interest which has accrued and which continues to accrue at a rate of six percent (6%) per annum, and pre and post judgment interest, costs of suit, including but not limited to reasonable attorneys' fees, and any other relief this Court deems just and appropriate.

## COUNT IV
## PROMISSORY ESTOPPEL

49. Latona hereby incorporates by reference paragraphs 1 through 48 as though set forth more fully herein.

50. On multiple occasions throughout their business dealings, Rivers Edge promised to compensate Latona for the services rendered in connection with the River's Edge Development.

51. In reliance on Rivers Edge's repeated promises of payment in full,

Latona provided the services in connection with the River's Edge Development.

52. Latona's reliance as set forth herein was reasonable given the course of dealing between the parties, and given the repeated promises of Rivers Edge to compensate Latona for its services.

53. Latona would not have provided the services Defendants if not for Defendants' promises to pay Latona for the services rendered in connection with the River's Edge Development, plus interest accruing.

54. Despite repeated demands, Rivers Edge has failed and refused to make payment on the outstanding balance of the account.

55. Rivers Edge should be estopped from breaching its promises and representations of payment which induced Latona to provide the service in connection with the River's Edge Development.

WHEREFORE, Latona respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant, Rivers Edge, in the amount of $125,816.15, plus interest which has accrued and which continues to accrue at a rate of six percent (6%) per annum, and pre and post judgment interest, costs of suit, including but not limited to reasonable attorneys' fees, and any other relief this Court deems just and appropriate.

## COUNT V
## ACCOUNT STATED

56. Latona hereby incorporates by reference paragraphs 1 through 55 as though set forth more fully herein.

57. The billing invoices, in combination with Latona's demand correspondence, indicate that a balance of $125,816.15, exclusive of interest and costs, remains due and owing to Latona as a result of the services rendered in connection with the River's Edge Development.

58. The billing invoices, in combination with Latona's demand correspondence, were sent by Latona and received by Rivers Edge.

59. Rivers Edge failed to object and instead assented to the billing invoices and demand correspondence.

60. As a direct and proximate result of Rivers Edge's failure to pay the outstanding balance due and owing to Latona, Latona has suffered harm and damage in excess of $125,816.15, exclusive of interest and costs.

WHEREFORE, Latona respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant, Rivers Edge, in the amount of $125,816.15, plus interest which has accrued and which continues to accrue at a rate of six percent (6%) per annum, and pre and post judgment interest, costs of

suit, including but not limited to reasonable attorneys' fees, and any other relief this Court deems just and appropriate.

                ROSENN, JENKINS & GREENWALD, L.L.P.

            By:   /s/ROBERT D.SCHAUB
                  ROBERT D. SCHAUB, ESQUIRE
                  Attorney I.D. 42466
                  MARY E. PRESCOTT, ESQUIRE
                  Attorney I.D. 310057
                  15 S. Franklin Street
                  Wilkes-Barre, PA 18711
                  (570) 825-5652
                  (570) 706-3424 (fax)
                  rschaub@rjglaw.com

            Attorneys for Plaintiff, Latona Trucking, Inc.